**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4276**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDQUAN BATTLE, a/k/a Equan Battle,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:19-cr-00139-FL-1)

_____

Submitted:  December 20, 2022                    Decided:  December 22, 2022

_____

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Richard Croutharmel, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edquan Battle pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  The district court sentenced Battle to 300 months' imprisonment, a sentence below the Sentencing Guidelines range.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred by applying three Guidelines enhancements.  In a pro se supplemental brief, Battle challenges the reasonableness of his sentence and argues that counsel rendered ineffective assistance.  The Government moves to dismiss the appeal pursuant to the appeal waiver in Battle's plea agreement.  We affirm in part and dismiss in part.

"We review an [appeal] waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver."  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appeal waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances."  *Id*.  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).  A claim that a sentence is "illegal," and thus falls outside the

2

scope of an appeal waiver, refers only to a sentence "alleged to have been beyond the authority of the district court to impose"; an illegal sentence is not merely a sentence arising from alleged "legal error." *United States v. Thornsbury*, 670 F.3d 532, 539 (4th Cir. 2012).

Our review of the record confirms that Battle was competent to enter a plea, that he knowingly and intelligently waived his right to appeal, and that his challenges to his sentence fall squarely within the scope of the appeal waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope, including the sentencing challenges raised by Battle and *Anders* counsel.

Battle's ineffective assistance claims fall outside the scope of the appeal waiver. Yet, "we will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Because the present record does not conclusively establish ineffective assistance, Battle's claims are not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Battle's valid appeal waiver. We therefore deny the Government's motion in part and affirm the remainder of the criminal judgment. This court requires that counsel inform Battle, in writing, of the right to petition the Supreme Court of the United States for further review. If Battle requests that a petition be filed, but counsel believes that such a petition would be

frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Battle.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*